DOMENGEAUX, Judge
(dissenting).
Although I recognize the forcefulness of the majority opinion in holding the plaintiff, Vogt, guilty of contributory negligence, and do not quarrel with the general legal propositions advanced, I think plaintiff’s inexperience as an oilfield worker was such that he should not be held accountable for the accident and especially so since it is my opinion that the evidence does not disclose that the danger was one which would be easily discernible by one such as plaintiff.
It is evident from his reasons for judgment that the trial judge considered the plaintiff to be an oil field novice by stating: “By any standard Vogt was an inexperienced hammer mechanic with a limited knowledge of oil field operations * * * ” ln view of all the facts and circumstances of the case I must agree with the trial judge’s opinion on this point. Plaintiff was but 20 years of age and had only been exposed to oilfield operations for about one month before the accident. The first two weeks he was assigned to his employer’s yard under the supervision of Gyomlai, the hammer engineer, who together with other persons instructed him in the basic mechanics of repairing, maintaining, operating and servicing the diesel hammers which are used to drive conductor pipe. Plaintiff attended no safety schools and, insofar as is disclosed by the facts of this case, was never taught the multitudinous dangers always present in oilfield rigging and drilling operations, or the myriad safety precautions needed in these operations. These things can only be learned through extensive training programs and/or extensive experience, neither of which the plaintiff had the benefit of. Actually he participated in three off-shore operations, which in all, took about 10 days, and the job on which he was injured was the first land-rig job that he had ever worked on. The evidence showed that the major difference between an off-shore and a land-based pipe lifting operation is that on the off-shore job a crane is used to lift the lengths of pipe up to the rig floor whereas on a land-based job, the pipe is lifted by machinery from the rig floor itself, namely the air hoist and the cat line. It is to be remembered that when plaintiff arrived at the rig site with the hammer crew, the drilling contractor Circle had been carrying on the rigging operation for some three days. Hence the noise and general commotion which normally attend drilling operations were already rampant. Plaintiff knew that he had certain duties to perform in connection with rigging up the hammer, measuring and marking pipe on the pipe rack, etc., which he had not completed at the time of the accident. Although, evidently it was not necessary that plaintiff complete these duties prior to the lifting of the pipe, I am convinced that he had no way of knowing that it was not necessary.
Except for plaintiff, all of the crewmen on both the drilling crew and the hammer crew had many years of experience in their work and hence possessed that awareness peculiar to those seasoned by experience. Wheat, the Tool Pusher for Circle, testified that warnings are not given when the pipe raising begins, except if a new man is on the job. Plaintiff knew that one should not stand in the path of pipe while it is being hoisted but it appears to me that Vogt did not know nor had any reason to know, in view of all of the evidence, that pipe was being lifted up to the rig floor before, or at the time of the accident. Vogt and all witnesses testified that there was a crane at the job site at the time of the accident. Although it may have been obvious to one experienced in rigging operations that this crane was not to be used to hoist the pipe, in view of the fact that Vogt was never instructed as to the differences between off-shore and land-based methods of lifting pipe it is not unreasona *532 ble to conclude that the plaintiff, because of his general lack of knowledge on the subject, and his total experience being limited to off-shore operations, was under the impression that the crane would be used to lift the pipe.
Oil rigging operations are extremely noisy and even though the driller White, who was not a member of plaintiff’s crew, testified that he warned plaintiff not to go toward the rotary table in the center of the rig, it is reasonable to conclude that plaintiff did not hear the warning. In that connection it is significant to note that subsequent to giving the warning, White himself traversed the path of the pipe before it became dislodged, and in so doing, did the same thing that he warned the plaintiff not to do.
Considering all the evidence, it is my impression that the plaintiff did not know and had no reason to believe that pipe was being lifted to the rig floor before, or at the time of the accident, in view of his inexperience and consequent lack of knowledge of the overall rigging operations. In order for plaintiff to be held contributorily negligent, the defendants must show that plaintiff not only had knowledge of the danger but also that he appreciated the danger under all the surrounding conditions and circumstances of the case. I do not believe that defendants have borne their burden of so showing.
I disagree with the conclusion of the majority herein and of the trial judge that plaintiff was so inattentive to his surroundings that he failed to observe a danger which was obvious, imminent and visible. In view of plaintiff’s inexperience, the danger involved was not of such a nature as to be obvious, imminent and visible to him.
It is therefore my opinion that plaintiff was not contributorily negligent and that this court should decide the other questions involved in this appeal.
For the above reasons, I respectfully dissent.